Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000446
05-NOV-2021
07:49 AM
Dkt. 71 SO

NO. CAAP-20-0000446

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
RICARDO STANLEY NEWCOMB, JR., Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 1CPC-19-0000200)

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Leonard and Wadsworth, JJ.)

Defendant-Appellant Ricardo Stanley Newcomb, Jr.
(**Newcomb**) appeals from the Judgment of Conviction and Sentence
(**Judgment**) entered on June 26, 2020, by the Circuit Court of the
First Circuit (**Circuit Court**).[1]  On January 30, 2020, a jury
found Newcomb guilty of Habitually Operating a Vehicle Under the
Influence of an Intoxicant (**Habitual OVUII**) in violation of
Hawaii Revised Statutes (**HRS**) §§ 291E-61(a)(1) (2020)[2] and

---

[1]  The Honorable Faʻauuga L. Toʻotoʻo presided.

[2]  HRS § 291E-61 provides in relevant part:

   **§291E-61 Operating a vehicle under the influence
   of an intoxicant.**  (a) A person commits the offense of
   operating a vehicle under the influence of an
   intoxicant if the person operates or assumes actual
   physical control of a vehicle:
   (1)   While under the influence of alcohol in an
         amount sufficient to impair the person's normal
         mental faculties or ability to care for the
         person and guard against casualty[.]

291E-61.5(a)(2)(A) (2020).[3] The Circuit Court sentenced Newcomb to a term of imprisonment of ten years for Habitual OVUII, with credit for time served.[4]

On appeal, Newcomb raises two points of error. First, Newcomb challenges the Circuit Court's preclusion of his proposed expert witness, Honolulu Police Department (**HPD**) Officer Kawananakoa Saul (**Officer Saul**), from testifying about HPD's training on the proper procedures for OVUII investigations. Second, Newcomb challenges the Circuit Court's exclusion of specific conduct evidence that purportedly showed two of the HPD officers who testified at trial, Officer Aubry Kaluhiokalani (**Officer Kaluhiokalani**) and Officer Wayne Hudson (**Officer Hudson**), had lied during a prior OVUII investigation.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we affirm.

**(1)** Newcomb asserts the Circuit Court abused its discretion by precluding him from calling Officer Saul as an expert witness pursuant to Hawaiʻi Rules of Evidence (**HRE**) Rule 702 on HPD's standard training in OVUII investigations. At trial, Newcomb sought to call Officer Saul to testify that contrary to the testimony of Officer Hudson, HPD officers are

---

[3] HRS § 291E-61.5 provides in relevant part:

> **§291E-61.5 Habitually operating a vehicle under the influence of an intoxicant.** (a) A person commits the offense of habitually operating a vehicle under the influence of an intoxicant if:
> . . . .
> (2) The person operates or assumes actual physical control of a vehicle:
>     (A) While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty[.]

[4] Newcomb was also charged with and entered a no-contest plea for Operating a Vehicle After License and Privilege Have Been Suspended or Revoked for Operating a Vehicle Under the Influence of An Intoxicant, in violation of HRS § 291E-62(a)(2) (2020). Newcomb challenges only the Habitual OVUII conviction on appeal.

2

trained that a Preliminary Alcohol Screening (**PAS**) *can* be offered even if an individual refuses a Standardized Field Sobriety Test (**SFST**).  Additionally, HPD officers are trained on *optional* tests including the "Alphabet Test," "Countdown Test," "Finger Count Test," and divided attention tests such as asking unusual questions to detect impairment.  The Circuit Court ruled that Officer Saul could not testify as an expert witness because "any testimony from Officer Saul is irrelevant and also excluded under [HRE Rule] 403."  On appeal, Newcomb argues that Officer Saul's expert testimony should have been admitted because pursuant to HRE Rule 702 (1992), Officer Saul was qualified to testify as an expert, his testimony was relevant to the veracity of the officers' OVUII investigation, and the Circuit Court abused its discretion in precluding the testimony under HRE Rule 403 (1980).

HRE Rule 702 sets forth the requirements for qualification of an expert witness:

> **Rule 702  Testimony by experts**.  If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise.  In determining the issue of assistance to the trier of fact, the court may consider the trustworthiness and validity of the scientific technique or mode of analysis employed by the proffered expert.

In <u>State v. Metcalfe,</u> the Hawai'i Supreme Court identified three foundational requirements to qualify a witness to testify as an expert under HRE Rule 702:

> (1) the witness must be qualified by knowledge, skill, experience, training or education; (2) the testimony must have the capacity to assist the trier of fact to understand the evidence or to determine a fact in issue; and (3) the expert's analysis must meet a threshold level of reliability and trustworthiness.

129 Hawai'i 206, 227, 297 P.3d 1062, 1083 (2013) (citation omitted).

On appeal, Plaintiff-Appellee State of Hawai'i (**State**) does not dispute that Officer Saul was qualified to testify as an expert.  Therefore, the only issues are whether Officer Saul's

testimony was relevant, and whether the Circuit Court abused its discretion in precluding the testimony under HRE Rule 403.

"The critical inquiry with respect to expert testimony is whether such testimony will assist the trier of fact to understand the evidence or determine a fact in issue." State v. Kony, 138 Hawaiʻi 1, 8-9, 375 P.3d 1239, 1246-47 (2016) (quoting State v. Fukusaku, 85 Hawaiʻi 462, 472, 946 P.2d 32, 42 (1997)). "One of the 'touchstones of admissibility for expert testimony under HRE Rule 702' is relevance." Id. at 8, 375 P.3d at 1246 (quoting State v. Vliet, 95 Hawaiʻi 94, 106, 19 P.3d 42, 54 (2001)); see also HRE Rule 401 (1980) ("'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."). "The trial court's relevancy decision under HRE [Rule] 702 is reviewed de novo[.]" State v. Keaweehu, 110 Hawaiʻi 129, 137, 129 P.3d 1157, 1165 (App. 2006).

Here, Officer Saul's contradicting testimony about how HPD officers are trained to conduct OVUII investigations has some tendency to show that Officer Hudson, who conducted Newcomb's OVUII investigation along with HPD Officers Kaluhiokalani and Ryan Uno (**Officer Uno**), either was not properly trained on OVUII investigations or did not accurately remember his training. See HRE Rule 401. Thus, the Circuit Court erred insofar as the court determined Officer Saul's testimony was irrelevant. See id.

However, the Circuit Court also excluded Officer Saul's testimony based on HRE Rule 403. HRE Rule 403 provides: "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." A trial court's evidentiary decision based on HRE Rule 403 is reviewed for an abuse of discretion. State v. Richie, 88 Hawaiʻi 19, 37, 960 P.2d 1227, 1245 (1998).

4

The determinative issue at trial was whether Newcomb was driving impaired on February 4, 2019, not how HPD officers are or should be trained to conduct OVUII investigations. While the latter issue is not entirely irrelevant, under the circumstances of this case, the Circuit Court did not abuse its discretion in concluding that the tendency of Officer Saul's testimony to confuse the issues or mislead the jury substantially outweighed its probative value to assist the jury in determining whether the OVUII investigation was properly conducted in this case. See HRE Rules 403, 702.

**(2)** Newcomb asserts the Circuit Court abused its discretion in precluding him from introducing specific conduct evidence for impeachment purposes under HRE Rule 608(b) (1993). Specifically, Newcomb sought to allegedly introduce evidence that two of the officers involved in his OVUII arrest had previously lied about smelling the odor of alcohol on a driver during a prior unrelated OVUII investigation on October 12, 2019 (**10/12/19 Incident**).

In this case, one of the officers, Officer Hudson, testified at trial that at the time of his arrest, Newcomb smelled like alcohol, had red, glassy eyes, was slow to respond to some of Officer Hudson's questions or directions, told Officer Hudson that he had been drinking, and had some slurred speech. On January 6, 2020, Newcomb filed a Notice of Intent, which advised that he would be introducing evidence about the prior 10/12/19 Incident. On January 24, 2020, the State filed State's Motion *in limine* (**Motion *in limine***) seeking to preclude evidence about the unrelated OVUII investigation. At the hearing on the motion, the Circuit Court orally granted the State's Motion *in limine*, stating, "considering this is a totally unrelated incident here involving a totally unrelated individual to this -- to the present facts of this case, the Court will sustain the objection under [HRE Rule] 403."

HRE Rule 608(b) provides, in relevant part:

> **(b) Specific instances of conduct.** Specific instances of the conduct of a witness, for the purpose of attacking the

> witness' credibility, <u>if probative of untruthfulness</u>, may be inquired into on cross-examination of the witness and, in the discretion of the court, may be proved by extrinsic evidence.

(Emphasis added).

In <u>State v. Su</u>, 147 Hawai'i 272, 283, 465 P.3d 719, 730 (2020), the Hawai'i Supreme Court clarified that:

> under the plain language of HRE Rule 608(b), admissibility of evidence under HRE Rule 608(b) involves a **two-step inquiry**: (1) whether the specific conduct evidence proffered for the purpose of attacking the witness's credibility is probative of untruthfulness, and, if so, (2) whether the probative value of the evidence of the specific conduct is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence pursuant to HRE Rule 403. An appellate court reviews the trial court's two-step admissibility determination under the right/wrong standard as to the first step, and under the abuse of discretion standard as to the second step.
>
> Thus, <u>under the first step, a witness may generally be cross-examined about specific instances of conduct probative to credibility, if probative of untruthfulness</u>. A trial court's decision to allow or preclude cross-examination on specific instances of conduct, based upon relevance under HRE Rules 401 and 402, is thus reviewed under the right/wrong standard.

(emphasis added) (footnotes omitted); <u>see also</u> HRE Rule 401; HRE Rule 402 (1980) ("All relevant evidence is admissible, except as otherwise provided[.]"). However, "[t]he extent of the cross-examination, as well as the admissibility of extrinsic evidence, if offered, is subject to an HRE Rule 403 analysis." <u>Su</u>, 147 Hawai'i at 285, 465 P.3d at 732.

In <u>Su</u>, the Hawai'i Supreme Court examined a trial court decision precluding the cross-examination of a police officer about his testimony in three prior, separate proceedings. <u>Id.</u> at 274, 465 P.3d at 721. Applying its two-step analysis, the supreme court concluded the trial court erred in the first step, with respect to the cross-examination of the officer concerning two of those proceedings: (1) in one proceeding, the officer admitted to submitting a falsely sworn statement to ADLRO, which clearly called his credibility into question; and (2) in a second proceeding, still photos of a video-recording showed that,

contrary to the officer's police report and testimony, the defendant did not have his fists clenched and was not throwing punches. Id. at 285, 465 P.3d at 732; see also State v. Estrada, 69 Haw. 204, 219, 738 P.2d 812, 823 (1987) (holding that an officer's alleged falsifications on his employment application were relevant to his credibility and should have been admitted pursuant to HRE Rule 608(b)); State v. Salvas, No. CAAP-18-0000121, 2021 WL 276150, at *8 (Haw. App. Jan. 27, 2021) (SDO) (applying Su to hold in part that evidence about proceedings in an unrelated case, in which the trial judge found lay witness testimony credible that directly contradicted the officer's sworn testimony, were relevant to the officer's credibility and thus should have been admitted pursuant to HRE Rule 608(b)). With respect to the third proceeding, the supreme court held the trial court's rejection of the officer's estimate of distance and speed of defendant's vehicle, because it did not make sense, was not relevant to the officer's credibility. Su, 147 Hawai'i at 285, 465 P.3d at 732; see also Salvas, 2021 WL 276150, at *8-9 (applying Su to hold that two other prior instances of conduct were not relevant to the officer's credibility: (1) the officer's OVUII conviction; and (2) a video purportedly showing unidentified officers falsely threatening the defendants that they had a warrant and/or could see contraband in plain view of the defendants' vehicle, where the video was not in the record and defendant failed to identify which officers were involved in the incident).

Applying the Su two-step analysis here, we first consider under the right/wrong standard whether the specific conduct evidence Newcomb sought to introduce was relevant to the officers' truthfulness. See Su, 147 Hawai'i at 283, 465 P.3d at 730. Newcomb asserts that, during the prior 10/12/19 Incident, Officers Hudson and Kaluhiokalani pulled over a driver for a red light violation, told the driver they smelled alcohol coming from him and that he had red, glassy eyes, the driver participated in a field sobriety test that Officer Hudson claimed he failed, the

driver blew into a PAS, but the driver "blew zeros" and was released and not charged. The State claims the officers have no memory of the reading and the body camera footage from the 10/12/19 Incident only demonstrates the officers let the driver go after the test, not that the officers were lying.

As an initial matter, we agree with Newcomb's contention that "to the extent that the [circuit] court believed that the evidence was not relevant simply because it involved a totally unrelated incident here involving a totally unrelated individual[,]'" the Circuit Court erred. Su makes clear that an unrelated incident may be relevant so long as it is probative of untruthfulness. 147 Hawai'i at 283-85, 465 P.3d at 730-32.[5]

Beyond that initial matter, however, the body camera footage from the 10/12/19 Incident is not part of the record. It does not appear that Newcomb submitted the footage for the Circuit Court to review. Newcomb's Notice of Intent, filed on January 6, 2020, notified the State of his intent to introduce evidence of the 10/12/19 Incident and indicated the State had provided body camera footage of the incident to Newcomb. However, the footage apparently was never offered for the Circuit Court to review or as an exhibit. Given Newcomb apparently did not provide any specific conduct evidence for the Circuit Court to review, the Circuit Court could not conduct the first Su inquiry, i.e., determine "whether the specific conduct evidence proffered for the purpose of attacking the witness's credibility is probative of untruthfulness[.]" 147 Hawai'i at 283, 465 P.3d at 730 (emphasis added). Similarly, we are not able to review the body camera footage to assess its relevance to the officers' veracity. Given these circumstances, the Circuit Court did not err in precluding evidence about the officers' conduct in the 10/12/19 Incident, as Newcomb did not demonstrate that the prior

_____

[5] We note that at the time of the Circuit Court's ruling on the State's Motion in limine on January 27, 2020, the Circuit Court did not yet have the benefit of the Su decision, which was published on June 15, 2020.

conduct was probative of untruthfulness under HRE Rule 608(b). Id.

Therefore, the Judgment entered on June 26, 2020, by the Circuit Court of the First Circuit, is affirmed.

DATED: Honolulu, Hawaiʻi, November 5, 2021.

On the briefs:                          /s/ Lisa M. Ginoza
                                        Chief Judge
Alen M. Kaneshiro,
for Defendant-Appellant.                /s/ Katherine G. Leonard
                                        Associate Judge
Benjamin Rose,
Deputy Prosecuting Attorney,            /s/ Clyde J. Wadsworth
for Plaintiff-Appellee.                 Associate Judge